UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jasmine Lynch**　　　　　　　　　　　　　　　　　　　　　**Docket No. 5:24-CR-315-1D**

### Petition for Action on Supervised Release

COMES NOW Cierra M. Wallace, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jasmine Lynch, who, upon an earlier plea of guilty to Sex Trafficking of a Child, in violation of 18 U.S.C. § 1591(a)(1), was sentenced by the Honorable John E. Dowdell, United States District Judge, in the Northern District of Oklahoma, on September 14, 2016, to the custody of the Bureau of Prisons for a term of 120 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Jasmine Lynch was released from custody on September 27, 2024, at which time the term of supervised release commenced.

On November 1, 2024, Jurisdiction was transferred and assigned to James C. Dever III.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The defendant was subject to a condition of supervision requiring the installation of computer and mobile device monitoring software. The defendant is currently employed by Road Safe and has been issued a work phone, which she has been authorized to use for both work-related and personal activities.

An attempt was made to install the required monitoring software on the defendant's work phone. However, the installation was unsuccessful due to the presence of pre-installed monitoring software, which is controlled by the employer. Upon further investigation, it was confirmed that mobile devices cannot support multiple monitoring applications simultaneously. Therefore, installation of the required monitoring software is not feasible on the defendant's current device.

Additionally, the defendant previously completed a sex offender risk assessment conducted by a qualified clinician. The results of that assessment concluded that the defendant presents a low risk of recidivism, and the clinician specifically recommended that software monitoring was not necessary.

Based on the totality of these circumstances, it is respectfully recommended that the condition requiring the installation of monitoring software be stricken. In lieu of monitoring, the officer will continue to conduct unannounced inspections of the defendant's device to ensure compliance with the terms of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by the "Special Computer Restriction and Monitoring Conditions" as adopted by this Court and filed as a General Order 08-6 (Northern District of Oklahoma) be stricken from the conditions of supervised release.

Except as herein modified, the judgment shall remain in full force and effect.

Jasmine Lynch
Docket No. 5:24-CR-315-1D
Petition For Action
Page 2

Reviewed and approved,

/s/ Mark Culp
Mark Culp
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Cierra M. Wallace
Cierra M. Wallace
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-679-2034
Executed On: August 15, 2025

### ORDER OF THE COURT

Considered and ordered this __18__ day of __August__, 2025, and ordered filed and made a part of the records in the above case.

James C. Dever III
United States District Judge